## PURKITT v. POLACK et als.

In a bill to set aside certain conveyances of real estate as fraudulent against creditors, there is no necessary inconsistency in averring the grantee to be a fictitious person; and that the deed to him, or in his name, was made to hinder and defraud creditors.

In such bills positive proof of fraud is seldom to be obtained, but the fraudulent intent must be gathered from circumstances. And in this case, the control of the property by the grantor after the alleged sale, his indebtedness to plaintiff at the time, the absence of the grantee from the State, and the failure on the part of the latter to show any payment of consideration, were *prima facie* proof of fraud.

APPEAL from the Twelfth District.

The complaint avers substantially that on the twelfth of February, 1857, plaintiff, being the owner of a promissory note of defendant Polack for $2,000, dated Feb. 8th, 1856, and payable twelve months after date, commenced suit thereon in the Fourth District Court, and on the fifth day of March following obtained judgment for the amount, with interest; that on the eighteenth of September, 1857, an alias execution was issued on said judgment and returned *nulla bona*—the sum of one hundred and fifty-nine dollars fifty-five cents having been made on execution issued in March previous; that on the tenth of December, 1856, defendant Polack was owner of real estate in San Francisco worth $75,000, and was not indebted over $3,000, of which $2,000 was due plaintiff; that Polack was then and now is an active, prudent business man in San Francisco, and has met with no losses; that said Polack confederated and conspired with his codefendants to defraud plaintiff of his debt before he could obtain judgment on said note, and fraudulently and wholly without consideration, and with the intent to hinder, delay and defraud creditors, conveyed to Mrs. Eliza J. Hall of Saratoga county, New York, by deed dated Dec. 10th, 1856, for the alleged consideration of $1,200, twenty-two lots in San Francisco; that said Hall at the time knew of Polack's indebtedness to plaintiff, has never been in possession of any portion of the property, that Polack has been receiving the rents and profits thereof under an assumed and false agency from Hall, and that the conveyance was in trust for Polack; that plaintiff has been informed and believes that said

Hall is a fictitious person, the name being used by Polack for fraudulent purposes; and that the consideration of said deed was never in fact paid. Similar allegations are made as to other deeds by Polack to Hall in January and February, 1857, of seventy-seven other lots; and also as to deeds about the same time to one Hart. These deeds were all recorded; and the prayer is, that they be declared null and void, and for an injunction meanwhile restraining transfers.

Defendants demurred to the complaint on the ground, among others, that the complaint does not state facts sufficient to constitute a cause of action, and is contradictory in its allegations against defendant Hall. Overruled. Defendant Hall answered, denying the charges of fraud, as also all knowledge of Polack's indebtedness, or that Polack has been in possession and receiving to his own use the rents and profits since the deed to her; but avers that he received such rents and profits during her temporary absence from the State, and duly accounted to her therefor; that she paid full consideration for the property, and bought it while she was in San Francisco; and that Polack's title to a large portion of the lots was worth little. Her answer was signed by her attorneys, Hart & Stevenson—Hart being codefendant—and was verified by Hart as on information and belief—the verification stating that Hall was absent from the State.

Polack filed and verified a like answer, and setting up in addition that he did not owe the note on which plaintiff got judgment against him; that it was fraudulently transferred from one Ford, to whom it was given, to plaintiff, to swindle defendant, and that he set up this fact in defense to the suit brought on the note; and that his property in San Francisco was not worth over $8,000, instead of $75,000, as stated in the complaint. Hart's answer also denied fraud.

On the trial, plaintiff introduced proof tending to show that the lots deeded to Hall and Hart were worth largely more than the consideration stated in the deeds; and also read in evidence a notice to defendants to produce on the trial the several deeds named in the complaint, and rested. Defendants introduced evidence tending to show that the title of Polack to most of the property was

Purkitt *v.* Polack.

worth little; and that Hart paid a good consideration for the lots deeded to him, and rested.    There was no evidence that Hall paid anything for his deeds.

The Court below made a decree, reciting that from the pleadings and proofs it appeared that all the material allegations of the complaint are true, and accordingly adjudging the several deeds mentioned to be null and void.

*E. L. B. Brooks*, for Appellants.

I.    The Court erred in overruling the demurrer.

1. On the ground that the allegations are contradictory and inconsistent.    (*Hensley* v. *Tartar*, 14 Cal. 508 ; 4 Sandf. S. C. R. 680 ; Van Santvoord's Pl. 287, and cases cited therein.)

2. That there is no allegation in the complaint that at the time of the transfer of the property described therein, the defendant Polack was not amply able to satisfy and pay all his obligations. (*Bridge* v. *Eggleston*, 14 Mass. 248, and cases there cited.)

II.    There was no evidence on the part of the plaintiff on the trial of the cause to show that the defendants Hart and Hall, or either of them, had any knowledge of the fraudulent intent, had any existed on the part of the defendant Polack, at the time the conveyances were made, or that Hart and Hall conspired with him to defraud, hinder and delay his creditor or creditors, without proof of which plaintiff cannot sustain this action.    (See Act of April 19th, 1850, " concerning Fraudulent Conveyances and Contracts," Wood's Dig. 107, art. 412, sec. 24 ; *Foster* v. *Hall*, 12 Pick. 89 ; *Bridge* v. *Eggleston*, 14 Mass. 245, and cases cited therein ; *Beals* v. *Gurnsey*, 8 Johns. 446 ; *Waterbury* v. *Sturtevant*, 18 Wend. 354 ; *Joice et al.* v. *Joice*, 5 Cal. 161 ; *Dennis* v. *Burrit*, 6 Id. 670 ; *Kinder* v. *Macy*, 7 Id. 206 ; *Gillan* v. *Metcalf*, Id. 137 ; *Dominguez* v. *Dominguez*, Id. 424 ; *Landecker* v. *Houghtaling*, Id. 391 ; *Dorsey* v. *McFarland*, Id. 342 ; *Dana* v. *Metcalf*, 10 Id. 269 ; *Horn* v. *Volcano Co.* 13 Id. 65 ; *Merryfield* v. *Bachelder*, cited in *Paige* v. *O'Niel*, 13 Id. 385 ; *Fletcher* v. *Peck*, 6 Cranch, 87 ; *Christmas* v. *Spink*, 15 Ohio, 600 ; *Gould* v. *Gould*, Story, 516 ; *Connelly* v. *Doe*, 8 Blackf. 320 ; *Fort and Wife* v.

22

*Melayer,* 2 Martin, 117 ; *Caldwell* v. *Benedict,* Id. 583 ; *Johnson* v. *Anderson,* 4 Wend. 474.)

III.   The consideration mentioned in the deeds is presumed in law to be true, unless the contrary is proved.   ( *White* v. *Millar,* 22 Vt. 380 ; *Glen* v. *Grover,* 3 Mich. 212 ; *Spalding* v. *Blent,* Id. 401 ; 1 Phillips on Ev. 471 ; *Ayers* v. *McConnell,* 15 Ill. 230 ; *Meeker* v. *Meeker,* 16 Conn. 383 ; *Belden* v. *Seymour,* 8 Id. 313 ; *Gillan* v. *Metcalf,* 7 Cal. 137.)

IV.   A deed made upon adequate consideration, which is actually paid, and the change of property is *bona fide,* or such as it purports to be, cannot be considered as a conveyance to defraud creditors. ( *Wheaton* v. *Seaton's Lessee,* 4 Wheat. 503 ; *McCarty* v. *Beach,* 10 Cal. 461 ; 4 Conn. 519.)

V.   There was no evidence to show, on the part of the plaintiff, that at the time of the making of the conveyances mentioned in the complaint the defendant Polack was not abundantly able to pay all his liabilities, including the plaintiff's claim. ( *Harris* v. *Taylor,* April T., 1860 ; 4 Gill. 511 ; 1 Paige Ch. R. 308 ; 2 Johns. Ch. R. 144 ; 1 Monroe, 106, 231 ; 4 Monr. 580.)

VI.   Insolvency is never presumed ; a liability to pay all his engagements is presumed in favor of every man.   ( *Walrod* v. *Ball,* 9 Barb. S. C. R. 271, 276 ; 6 Monr. 116–119.)

VII.   In respect to defendant Hart, there is nothing in the statutes to hinder a man from giving a preference to any creditor before or after suit brought against him by a creditor.   Until an execution comes into the Sheriff's hands, a creditor has the right to secure his debt by taking what the debtor has to give in satisfaction of it.   ( *Welt* v. *Franklin,* 1 Binney, 514 ; *Gares* v. *Renshaw,* 2 Ball, 34, and 1 Ball, 542 ; *Marbury* v. *Brooks,* 7 Wheat. 556 ; *Visher* v. *Webster,* 8 Cal. 169 ; *Randall* v. *Buffington,* 10 Id. 491 ; *Clemens* v. *Davis,* 7 Barr, 264 ; *During's Appeal,* 1 Harris, [Penn.] 240 ; 8 Wheat. 268.)

VIII.   Fraud cannot be presumed, unless the circumstances on which such presumption is founded are so strong that no other reasonable conclusion can be drawn.   ( *Paxton* v. *Boyce,* 1 Texas, 317 ; 4 Wend. 474 ; *Collins* v. *Thompson,* 22 How. 246.)

IX.   After every effort to establish fraud, if it remained doubt-

ful on the proof, innocence is to be presumed. (*Munroe* v. *Gardiner*, 1 Wash. C. C. R. 306, 308 ; *Lee* v. *Cook*, 3 Cas. Ch. R. 85, 144 ; Coke on Litt. 75 B. ; 1 Phillips on Ev. Cowen, Hill & Andrews' notes, 605.)

*George R. Parburt*, for Respondents.

1. The fact that defendant Polack divested himself of all his real estate and tangible property just prior to the maturity of plaintiff's note and of obtaining judgment thereon, (plaintiff being his largest and almost only creditor) is a circumstance which indicates his intention thereby to defraud the plaintiff.

2. The circumstances and conditions of the party defendants indicate a fraudulent transaction, in which all of them knowingly and willfully participated. (*McDaniel* v. *Baca*, 2 Cal. 339 ; Story's Eq. Jur. sec. 190 ; *Belden* v. *Henriques*, 8 Cal. 88 ; *Chesterfield* v. *Jameson*, 2 Ves. 155–156.)

3. The defendants having made "valuable consideration" the test issue in this case, they were bound to show by proofs on the trial the considerations named in the deeds were fair and just values of the property conveyed, so that its adequacy should be apparent ; and failing to do so, the deeds must be adjudged fraudulent and void as to plaintiff. (*Groff* v. *Jones*, 6 Wend. 522 ; *Bixley* v. *Mead*, 18 Id. 611 ; *Nelson* v. *Rermost*, 16 Id. 460 ; *Argenti* v. *San Francisco*, 6 Cal. 677 ; *Landecker* v. *Houghtaling*, 7 Id. 392 ; *Howell* v. *Baker*, 4 Johns. Ch. 116 ; *Hudgins et al.* v. *Kemp*, 20 How. 265, 45 ; *Widgery et al.* v. *Haskell*, 5 Mass. 144, 152 ; *Bridge* v. *Eggleston*, 14 Id. 245 ; *Foster* v. *Hall*, 12 Pick. 90.)

4. Admitting that the considerations named in the deeds were a fair and just value of the property conveyed, when fraud is charged the defense must prove on the trial that such consideration was actually paid ; and failing to do so, the deeds must be adjudged to be fraudulent and void as to creditors. (*Rollins* v. *Mooers*, 25 Maine, (12 Shep.) 192 ; *Jackson* v. *Carter*, 9 Cow. 73 ; *Hildreth* v. *Sands*, 2 Johns. Ch. 36.)

5. The continued possession and acts of ownership over the property by Polack, evidenced by collecting rents, and paying taxes and incumbrances after the deeds were delivered to Hall and

recorded, taints the whole transaction with fraud.  (*Hamilton* v. *Russell*, 1 Cranch ; 2 Munf. 341 ; *Rollins* v. *Mooers*, 25 Maine, 192, 197 ; *Hildreth* v. *Sands*, 2 Johns. Ch. 36.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

Bill filed to set aside certain conveyances of real estate upon the ground of fraud.

None of the assignments of error in this case can be maintained. 1. There is no necessary inconsistency in averring the grantee, Hall, to be a fictitious person, and that the deed to her, or in her name, was made to hinder and defraud creditors.  2. The facts in the record strongly support the charge of fraud, especially in the absence of explanatory proof by the alleged grantee.  It is seldom that positive proof of fraud can be obtained.  The conclusion of fraudulent intent is usually gathered from circumstances; and it is not often that the proof is more satisfactory than here. The control of the property after the alleged sale, the indebtedness of the grantor at the time, the absence of the grantee from the State, and the failure on the part of the latter to show any payment of consideration, were amply sufficient to raise a *prima facie* intendment of fraud in the transaction.  Certainly, we are not disposed to interfere with a finding based on such facts.

Judgment affirmed.